STATE ex rel. FARR vs. THE CITY COUNCIL OF THE CITY OF RACINE.

MANDAMUS, *to compel levy of tax: When demand not necessary.—Evidence of plaintiff's ownership of judgment.*

1. Where the law authorizing city bonds made it the duty of the council from time to time to levy a tax to pay interest and principal, and did not make that duty contingent upon a demand being made: *Held,* that after judgment upon the bonds or coupons, *mandamus* would lie to compel the levy of a tax to pay the judgment, without demand made.

2. An affidavit by relator's attorney that the judgment had been assigned to relator, and that the written assignment was in affiant's hand, *held,* to be sufficient evidence of relator's ownership, until the assignment was impeached, or the contrary shown.

APPEAL from the Circuit Court for *Racine* County.

On the 28th of February, 1862, a judgment was duly docketed in said court in favor of one Taylor against the

city of Racine, for $3,043.40.   In 1867, *Farr* appeared in court by *Matt. H. Carpenter, Esq.*, his attorney, and, on the record of said judgment and the affidavit of said attorney, moved for a *mandamus* requiring the common council of said city to levy and assess a tax on the taxable property of the city to pay the judgment, etc.   The affidavit states, among other things, that *Taylor*, on etc., sold and assigned said judgment to *Farr*, "as appears by written assignment thereof in the possession of said affiant;" that the judgment was upon coupons of certain bonds issued by said city, under chap. 114, Pr. & L. Laws of 1856; and that the city council had never levied or assessed any tax to pay that portion of the interest on said bonds included in said judgment. An order was granted requiring the council to show cause, etc.; and, after a hearing, the court made an order for a peremptory *mandamus*.   The order recites, among other things, that it appeared to the court that said judgment had been assigned to the relator, and was owned by him, and entirely unpaid, and that no tax had been levied or collected to pay it.   The city council appealed from the order.

*Elbert O. Hand*, for the appellant.   (No argument on file.)

*Matt. H. Carpenter*, for the relator, to the point that no *demand* was necessary, cited *Comm. v. Council of Pittsburgh*, 34 Pa. St., 512; *Regina v. Kendall*, 1 Ad. & E. (N. S.), 386, n.; *King v. East India Co.*, 4 B. & Ad., 530; *Graham v. Maddox*, 6 Am. Law Reg., 625.

DIXON, C. J.   There can be no question as to the right of a judgment creditor, in a case like this, to the writ of *mandamus* to compel the city council to levy a tax to pay the judgment, provided an application sufficient in form is made. This application seems to us sufficient.   The only objections made or suggested are, 1st, that a demand on the city council to levy the tax is necessary before a *mandamus* can go;

and, 2d, that it is not shown by the affidavit that the relator is the owner of the judgment.

A demand is clearly unnecessary, because it is made the duty of the city council, without it, from time to time to levy a tax sufficient to pay the interest and principal of the bonds upon which the judgment was rendered, as the same shall become due. Pr. Laws of 1856, chap. 114, sec. 5. If the act had required the council to do so upon the demand of any person interested, then a demand would have been necessary; but not otherwise.

The affidavit shows that the judgment has been assigned by the judgment creditor to the relator, by written assignment in possession of the affiant as the relator's attorney. This is sufficient evidence of the relator's ownership of the judgment—at all events until the assignment is impeached, or the contrary shown.

*By the Court.*—Order affirmed.