Board County Commissioners of Polk County, Appellants, vs. Churchill E. Johnson & Co., Appellees.

1. An alteration of a petition to the County Commissioners for license to sell liquors, wines and beer under Chapter 3416, Acts of 1883, by erasing therefrom the name of the person whom the registered voters understood at the time of the signing to be the person to whom such license was to be granted, and the inserting therein the name of another person for whom the registered vot-

JUNE TERM, 1885.                579

County Commissioners Polk Co. v. Johnson & Co.—Opinion of Court.

ers had not asked such a privilege, is a sufficient reason to justify the County Commissioners in refusing to grant a permit to such other person to obtain license.

2. The personal fitness of the party seeking a license for the special privilege of selling liquors, as well as the sale of liquors in the election district, is an essential consideration in the mind of the voter at the time of signing said petition.

3. Section 2 of said act does not require the publication of the affidavit to the petition mentioned therein ; said act only requires the publication of "the petition and the names and marks thereto attached."

4. "A return to an alternate writ of mandamus should state the facts relied on with such precision and. certainty that the court may be fully advised of all the particulars necesssary to enable it to pass judgment upon the sufficiency of the return."

5. The act of December 12th, 1855, amended by section 2, Chapter 1009, Act 1859, was abrogated by section 8, Article 6, of the Constitution of 1868.

6. The absconding of one of two joint petitioners for license to sell liquors, after the issuance of an alternative writ of mandamus to the Board of County Commissioners which had refused to said petitioners a permit to obtain license, is not a good reason why the peremptory writ should not issue.

Appeal from the Circuit Court for Polk county.

The facts of the case are stated in the opinion.

*G. A. Hanson* for Appellants.

*J. B. Wall* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

Churchill E. Johnson & Co. petitioned the Judge of the Sixth Circuit for an alternative writ of mandamus to compel the Board of County Commissioners of Polk county to pass an order granting a permit to petitioners to sell liquor, wines and beer in Election District No. 3, in said county. The petition sets forth that petitioners had,

on the 6th day of April previous to the commencement of these proceedings, presented to the Board of County Commissioners of said county, the said Board being then in session, a petition to sell liquors, wines and beer in said Election District No. 3, in accordance with Chapter 3416, Laws of Florida, which petition was signed by a majority of the registered voters of said Election District, was sworn to and had been published in a newspaper published in said county for two weeks in accordance with the provisions of said act. Petitioner further alleges that notwithstanding petitioners had complied with all the requirements of the law, said Board had, in violation of the provisions of said act, refused to grant to petitioners the permit applied for.

Upon this petition the Judge ordered the alternative writ to issue.

The County Commissioners of said county made their return to said alternative writ, setting forth three grounds why the writ should not issue.

First. That petitioners had an adequate and complete remedy by appeal to the Circuit Court under the provisions of sec. 17, chap. 46, page 318, McClellan's Digest.

Second. " It is not true that relators had complied fully with all the requirements of the law by presenting a petition signed by a majority of the registered voters of Election District No. 3, asking for a permit to sell liquors, wines and beer in said district. On the contrary they had published and presented an old petition which had been rejected by these respondents, at a former meeting of said board, and which had been altered and interlined by inserting the name of N. Schurer as the partner, instead of S. Bevil, who, these respondents are advised and believe, was the reputed partner at the time said petition was circulated and signed, said alterations and interlineations had been

made since the signing of the same without the consent of the voters who signed the petition, or this board, and that said alterations and interlineations were unlawful and so changed the character of the petition as to render it invalid."

Third. The affidavit to the petition as published does not show that Churchill E. Johnson or N. Schurer or any one else signed the same, therefore it was not published in full, or was not a complete and sufficient affidavit.

Afterward the respondents by leave of the court amended their return, and for further cause why the writ should not be granted allege that they are informed and believe that the applicant, Churchill E. Johnson, is a fugitive from justice and has absconded since the awarding of the alternative writ, and that if the peremptory writ be granted that he could not avail himself of it, and that his rights are not assignable.

Upon the coming in of the answer of the respondents to the alternative writ, relators by their counsel moved the court to strike out the return and amended return of the respondents, because the same is evasive, argumentative, uncertain and insufficient, and for final judgment.

The Judge granted the motion to strike out the return and the amendment thereto, and awarded a peremptory writ of mandamus, commanding the said board to issue a permit to the petitioners to sell liquors, &c., in said district.

To this ruling and judgment of the court respondents excepted and prayed an appeal.

A change of the party or parties who are applicants for a permit upon which to obtain a license from the collector to sell liquors, after the signing of the petition by the registered voters, without the express and distinct consent of

such voters, would unquestionably be a valid reason to justify the County Commissioners in refusing the permit.

The law requires that the applicant for license should obtain a majority of the registered voters of the election district to sign his application "asking said board to grant to said applicant the right to sell such liquors."

It is not simply a petition for permission to sell, but a designation of a certain person who is to enjoy the privilege, and whose personal fitness to conduct such a business must be a consideration with the voter at the time of the signing. It does not follow because the voter signs the petition of one person to carry on such a business that he would sign for another. A change of the petition as to the person who asks for the license after such signing would not be a compliance with the law, and the County Commissioners should reject such a petition. In the argument of the case the court understood counsel for the appellant to say that these were the facts. Does the return to the alternative writ sustain the inference of the counsel? It says: "on the contrary they had published and presented an old petition which had been rejected by the board at a former meeting of said board, and which had been altered and interlined by inserting the name of N. Schurer as the partner instead of S. Bevil who these respondents are advised and believe was the *reputed partner* at the time said petition was circulated and signed, and that such alterations and interlineations have been made after the signing the same without the consent of the voters."

It is also incumbent upon the respondent to state in his answer the facts relied on with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass judgment on the sufficiency of the return. High on Extraordinary Remedies, sec. 474.

Applying this rule of construction to the 2d ground of the return of the respondents we are unable to say that it is sufficient.

It does not allege clearly and with the distinctness required that Schurer was not one of the firm of Churchill E. Johnson & Co., or that he was not understood by the signers at the time they signed to be such. It does not say in whose name the "old petition" was presented. It does not rebut the supposition, which is a very natural one, that the original petition might have been in the name of "Churchill E. Johnson & Co.," leaving undetermined on its face who was the other party composing, with Johnson, the said firm, and that the interlineation mentioned was merely filling out the description of the firm by the name of the real partner, which could not be objectionable. It does not say Bevil's name was in said petition and erased, but that Schurer's name was inserted instead of Bevil's. It does not say that Bevil was the partner of Johnson. It does not say that at the time of the signing the petition by the voters that they signed it under the belief and with the understanding that Bevil was the partner of Churchill E. Johnson, but only that "these respondents (the board of County Commissioners) are advised and believe that Bevil was the reputed partner."

The facts averred in the return may be true consistently with the truth of the facts alleged in the petition, and when this is so the return has been held to be bad. Harwood vs. Marshall, 10 Md., 451.

There was no error in the judgment of the court in deciding that the return was insufficient.

As to the first ground that the relators could have appealed from the decision of the board under section 17, page 318, McClellan's Digest—the act referred to was passed in 1855 and amended in 1859, and was abrogated

by sec. 8, art. 6 of the Constitution of 1868, prescribing the appellate jurisdiction of the Circuit Courts.

As to the propriety of the proceeding on the part of relators see State, ex rel., vs. Commissioners of Jefferson county, 17 Fla., 707; ib. vs. County Commissioners of Sumter County, 19 Fla., 518; ib. vs. County Commissioners of Jefferson county, 20 Fla., 425.

As to the third ground, " that the affidavit to the petition as published does not show that Churchill E. Johnson or N. Schurer or any one else signed the same; therefore it was not published in full, &c.," there is nothing in the act of 1883, chap. 3416, requiring the affidavit to the petition to be published. The act only requires " the *petition* with the names and marks thereto attached" to be published.

The amended return, setting up that Johnson had absconded, was not a reason for refusing the permit. Without saying what effect his absconding would have, if he had been the sole petitioner for license, it could not affect the right of Schurer.

There is no error in the record and the judgment is affirmed.