THE STATE OF FLORIDA, EX REL. THE CITIZENS' GAS LIGHT COMPANY, VS. THE MAYOR AND ALDERMEN OF THE CITY OF JACKSONVILLE, RESPONDENTS.—MANDAMUS.

1. If an alternative writ of mandamus shows a *prima facie* case, it is not demurrable,

2. Where the writ alleges a power in a municipal body to levy taxes, and such power is limited by statute to a certain percentage upon the value of the taxable property, it is not necessary to allege in the writ that the power has not been exhausted. The exhaustion of the power by a previous exercise of it is properly matter of defence to be set forth by the officers who are called upon to exercise the power.

3. Where a levy of taxes is desired by a judgment creditor of a municipality for the payment of his claim, and his right is based upon the ordinary status of a judgment creditor and the power of the Board of Aldermen to make a levy, a demand upon the proper officers for a levy to pay the judgment must be made before relief by mandamus can be had.

4. It is not necessary that the demand should be to levy a *special* tax. A definite request or demand to levy a tax to pay the judgment is sufficient.

5. Where an alternative writ alleges a request to provide for the payment of a judgment and a refusal to comply with such request, and the return states that no demand was made to levy a *special* tax, the return is evasive and insufficient.

6. Great strictness of pleading is required in returns which set up matter of confession and avoidance.

7. Where a return alleges an exhaustion of a power of taxation by a Board of Aldermen and refers to an annexed resolution passed by them, as showing an exhaustion of such power, and such resolution does not show clearly and with certainty that the purposes for which the levy was made were of a character which entirely exhausts the power, there being no limitation upon the taxing power as to certain purposes, the return will be held insufficient.

8. The writ of mandamus does not confer power upon officers to whom it may be directed.

9. Where a return to an alternative writ of mandamus shows only a partial exhaustion by respondents of the power of taxation for the year pending its issue, as to such year they will be required to levy only the amount to which the power is shown not to be exhausted. But if this proves insufficient to pay the relator's claim, whether the respondents will be compelled to make additional levies, not beyond their power, in subsequent years, until the whole claim is paid—*quere?*

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*John A. Henderson* and *T. L. Clarke* for Relator.

*Call & Jones* and *Hartridge & Young* for Respondents.

Mr. Justice Raney delivered the opinion of the court:

The alternative writ alleges that the relator is a body corporate, duly organized under the laws of this State;

the recovery of a judgment for $2,980.93, in Duval Circuit Court, against the city of Jacksonville; the failure and refusal of the respondents, upon request, to provide for the assessment or collection of any tax to pay the same, and that it is unpaid, and that the city has no property subject to levy on execution. The judgment was recovered on warrants issued in January and March, 1883, on the Treasurer of the city, for " lamps and lighting streets department."

A motion was made to quash the alternative writ, on the ground that there was no showing of a demand for a levy and collection of the tax, and the further ground that it was not shown that the respondents had not exhausted their powers as to assessing and levying taxes to the maximum of taxation allowed by the statute controlling in such cases.

This motion was overruled, we being of the opinion that there was a sufficient allegation of such previous request, or demand and refusal; and that it was sufficient, so far as the second ground was concerned, for the writ to show or make out a *prima facie* case, and not necessary that it should negative an exhaustion by respondents of their legal powers as to the extent of taxation. The limits of their powers are indicated hereafter, and they are conferred and prescribed by a general statute, of which we take judicial notice, and hence we think the allegations of the writ are sufficient to make out a *prima facie* case. High on Extraordinary Legal Remedies, secs. 448, 449 ; People vs. Hatch, 33 Ill., 139; Silver vs. People, 45 Ill., 224. An exhaustion of the power is a matter which should come, more properly, from the defendants, and should be set up as a defence. Where a power to levy taxes is given by a general statute, and the declaration, which the alternative writ stands for, sets up facts calling for, or authorizing its exercise, and a request for and refusal of its exercise, a *prima*

*facie* case is made; and the previous exhaustion of the power need not be denied by the party suing—the effect of the showing, without such denial, is that the dower exists.

The return to the writ sets up two defenses:

1st. That no demand has been made to levy *a special tax* to pay this judgment.

2d. That respondents have levied upon the inhabitants of the city and their property, a tax of one *per cent.*, upon the State valuations of the property in the city, for municipal purposes; and in addition thereto, have levied a tax of one mill for a sinking fund to pay outstanding bonds, and a tax of six mills to pay the interest accruing annually on said bonds, " as will fully appear from the certified copy of the minutes of the Board of Aldermen, at their meeting on the 8th of December, A. D. 1885, hereto attached and made a part of this return," and they say they are not authorized or empowered to levy any other or greater tax upon the inhabitants of the city, or their property. The " certified copy of the minutes" attached shows a meeting held on the day named above, at which six aldermen were present, and that the committee on taxes and licenses submitted a report in regard to the levy in relation to taxes, which was " adopted."

The report is as follows:

JACKSONVILLE, 8th Dec., 1885.

*To the Honorable President and Board of Aldermen:*

The Committee on Taxes and Licenses beg leave to report that they have had the matter of assessment under consideration, and recommend the following assessment :

| | |
|---|---|
| For General Revenue......................................... | 9 mills |
| For Sinking Fund........................................... | 1 mill |
| For Interest............................................... | 6 mills |
| For Old Debt.............................................. | 4 mills |
| Total..................................................... | 20 mills |

Signed,                               B. THEBAUT,
                                      WM. BAYA,
                                      H. KOOPMAN,
                   Committee on Taxes and Licenses.

The relator moves for a peremptory writ.

In County Commissioners vs. King, 13. Fla., 460, 461, where the duty of levying a tax to meet the interest coupons, as they matured, was specially enjoined by the Internal Improvement Act upon the Commissioners of those counties issuing bonds under the act, to aid in constructing a public work, it was held that no previous demand was necessary, to lay a foundation for a mandamus. The duty there was specially imposed by the statute, and it was within the purpose and meaning of the law the official duty of the commissioners to levy the tax without any request. State *ex rel.* vs. City Council of Racine, 22 Wis., 258. In High on Extraordinary Remedies, secs. 13, 41, it is said that a distinction is recognized between duties of a public nature, or which affect the public at large, and duties of a mere private nature and affecting only the rights of individuals; that while in the former class no demand is necessary, in the latter, where the party aggrieved, and seeking the writ, has a private interest, and claims the immediate benefit of the act sought to be coerced, a demand is necessary. We do not think the case at bar comes within the above decision in 13 Fla., or the above rule doing away with the necessity of a demand; but that it is one of those cases requiring a previous demand. The obtaining of the judgment, and the absence of property liable to execution, and the demand of a levy, were all necessary to call into exercise the power of levying taxes under the statute.. Until the demand was made the officials were not called upon to make a levy, and it rested with the relator whether or not the exercise of such power should be called for, and hence the duty of exercising it was dependent upon the desire of the relator and its personal interests. It was not a duty of the public, or specific official duty prescribed by statute. The demand is held necessary as it is due to

the defendant that he should have the option of either doing or refusing to do what is required of him before application is made to the court to compel him. Where the act to be performed is a public, official duty, specially prescribed by law, no demand is necessary to give the option ; the officer knows it is his duty to act, and when. People vs. Romero, 18 Cal., 92, citing Tapping on Mandamus, 282 ; Crandall vs. Amador County, 20 Cal., 73 ; O. V. R. R. Co. vs. Plumas Co., 37 Cal., 362, 363 ; State vs. Davis, 17 Minn., 429.

There is, however, no proper denial of a demand having been made. The allegation of the return is that no demand has been made to levy a *special* tax to pay the judgment. Any definite and positive request or demand to levy a tax for the payment of a judgment is sufficient ; and whether under the law it was necessary to make an independent and special levy, for the purpose indicated, or whether it might have been included in a general levy, without declaring the express purpose of paying the judgment, it was still unnecessary that the demand should do more than call for the exercise of the power of taxation to provide the means for payment, and it was not requisite that it should point out how the power was to be exercised. In this respect we think the return is evasive. If, in fact, no demand to levy a tax to pay the judgment was made, respondents should have said so, and as they have failed to so state we must hold their return insufficient on this point.

The purpose of the second paragraph of the return is to show an exhaustion of the power of taxation conferred by the act of March 5, 1883 (chapter 3477). The second section of this statute provides that the total taxes levied by any municipal corporation in any one year shall not exceed one per cent. upon the State valuation of

property within the corporation, such valuation being adopted for municipal taxation. This limitation of one per cent. does not prevent the levy of sufficient tax to meet the payment of interest on outstanding bonds, and provide for the payment of principal thereof when the same shall become due. The indebtedness, upon which the judgment set up in the writ was recovered, is shown by the pleadings to have been incurred March 29, A. D. 1883, except $46.80. Nelson vs. St. Martins Parish, 111 U. S., 716. This court decided in January, 1883, in Basnett vs. City of Jacksonville, 19 Fla., 664, that the power to levy taxes given to municipal corporations by the act of 1869, as amended by the act of 1875, (chap. 2045) was taken away by the act of 1877, (chap. 3024, §8.) The power, however, was restored by the above act of March 5, A. D. 1883, and, consequently, existed when the bulk of this indebtedness was contracted, so far as the record shows. The legality of the indebtedness covered by the judgment is ascertained by the judgment, and is not, nor could it be, questioned in this proceeding. Upon the theory of the above decision, we see nothing in the act of 1883 in violation of a contract right, even as to the $46.80, nor has it been so claimed in the argument. The legislature has the power to limit taxation as to future indebtedness; (Clark, Dodge & Co. vs. The City of Davenport, 14 Iowa, 497; Supervisors vs. U. S., 18 Wall., 71; High on Extra. Rem's., §377); and if there has been an exhaustion of the power for the current tax year—from March 1st, 1885, to March 1st, 1886—during which this writ was brought, we do not think the respondents can be required to make any further levy. The writ of mandamus does not confer any additional power on a board or officers to whom it may be addressed. Coy vs. City Council of Lyons, 17 Iowa, 1; U. S. vs. County of Clark, 95 U. S., 769. The return says that the respondents

have levied upon the "inhabitants of the city and their property" a tax of one per cent. on State valuations, for municipal purposes, and a tax of one mill for sinking fund and six mills for interest accruing annually on outstanding bonds, as will fully appear from the transcript of the proceedings of the Board of Aldermen. This transcript shows a levy of nine mills for general revenue, and (besides the bond tax which is not to be considered here) shows a levy of four mills for "old debt." The return says nothing expressly as to this "old debt" levy, and if it is to be taken as a part of the return, we are not told by the latter what is the nature or character of the indebtedness it refers to. The return refers us to the transcript to find out what taxes were levied, and it is, in fact, the return, so far as this question is concerned. The rule laid down by this court in County Commissioners of Polk County vs. Johnson, 21 Fla., 578, is that a return should state the facts relied upon with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass judgment upon the sufficiency of the return. It is clear that we are not advised by the return that this old debt levy is for debts to which the "one per cent." limitation applies. To say it is so, and that it is not past due indebtedness on bond account, we have to make an assumption outside of the record, and this assumption carries with it the further one that the aldermen, in making the levy, have exceeded their powers by levying a tax of three mills, which they were not authorized to do. If it be that the old debt is a debt of the same character as this, or otherwise covered by the one per cent. limitation, the return should have stated "the particulars." As it has not done so, we are not advised of it. The consequence is, the return fails to show an exhaustion by one mill of the power to levy "one per cent." upon the

valuation for State purposes, and to this extent it is insufficient, and relator is entitled to his writ to enforce a levy.

This proceeding, as appears from the allegations and prayer of the writ, has not been shaped to compel the levy of a tax of any tax year previous to the year of its institution, and omitted by respondents contrary to their duty ; nor to compel the collection and application of a tax of the current year levied before the writ was applied for, but is for the *levy* and collection and application of a tax of the current year which respondents have refused to levy.

Whether the one mill tax will prove sufficient, has not been suggested, nor has the remedy appropriate in such cases for a future satisfaction of the balance which may remain unpaid been discussed. The practice in Iowa is indicated in the case of Coy vs. City Council, &c., cited above. How far it is applicable, and should be followed, or what shall be done here on such contingency, we leave undecided until the question shall be raised. The peremptory writ will issue for the levy as above indicated.