STATE OF FLORIDA EX REL. JAMES P. PEELER ET ALS., RELATORS, VS. R. E. ROSE ET ALS., RESPONDENTS.

1. It is the duty of County Commissioners under the act of June 7, 1889, which "provides for the appointment of County Boards of Health in and for the several counties," etc., to cause a tax to be assessed and levied not to exceed in any year one mill on the dollar to defray the expenses of the Board of Health of the county, when proper request is made for that purpose by said board.

2. A written request made by the president of the board in its name and signed by him as president, is a sufficient compliance with the statute; and a return of the County Commissioners to an alternative writ of mandamus seeking to compel the assessment and levy of the tax, which admits the receipt of such a communication, but denies that it is the action of the board, and does not deny that the writer is president, or that his communication was authorized by the board, when the writ alleged that the request was made by the board, is evasive and insufficient.

This a case of original jurisdiction.

The facts of the case are stated in the opinion.

*W. B. Lamar, Attorney General, and John C. Cooper,* for Relators.

*M. L. Mershon,* for Respondents.

MAXWELL, J.:   This is an original mandamus proceeding in this Court.   The relators constitute the Board of Health of Osceola County, and the respondents are the County Commissioners of said county.   In the alternative writ the complaint is, in substance, that the relators having duly and fully considered what measures were necessary to protect the health of the county during the year 1889, and the spring and summer months of 1890, and to carry out their duties under Chapter 3859 of the laws of the State, and

the regulations of the State Board of Health, and determined what amount of taxes should be assessed and levied under said law, fixed the one mill tax as that which should be assessed and levied for health purposes in said county under Section 10 of said law. That said County Board of Health on the 2nd day of September, 1889, requested the County Commissioners in writing at a regular meeting of said last board to cause the one mill tax to be assessed and levied for the year 1889 as provided in the act; but that said Commissioners contrary to their manifest duty refused to levy and assess said tax, and never have assessed or levied the same, or caused the same to be assessed and levied. The writ commands the assessment and levy, or that cause be shown for the refusal.

The respondents answer that it is not true that the County Board of Health made a request to them in writing on September 2, 1889, or at any other time, to levy the one mill tax for health purposes. They admit that on the day mentioned a communication was received by them requesting the levy, "signed by James P. Peeler, M. D., Chairman of County Board of Health of Osceola County;  *  * but they deny that said communication was the action of the Board of Health, or that it purported to be by the direction of authority of said board; and they submit that in the absence of a request from the County Board of Health, the County Commissioners had no power to make the levy."

The answer presents other objections to the proceeding, but these have been abandoned on the hearing.

Accompanying the answer is a copy of the communication of Dr. Peeler, signed as stated, and addressed "to the chairman and Board of County Commissioners of Osceola County," which run thus: "The Osceola County Board of Health would respectfully request that an assessment of one

mill on the dollar be assessed on the property in Osceola County to defray the expenses of the County Board of Health.   See Secton 10 of an Act of the Legislature, approved June 7, 1889."   This section is part of an "act to provide for the appointment of County Boards of Health in and for the several counties of the State of Florida, and define their powers," and reads as follows:   "The County Commissioners of each county in the State in which a board may be constituted may assess and levy, or cause to be levied and assessed, a tax not to exceed in any year one (1) mill on the dollar, at the request of the Board of Health of the county, to enable such board to defray the expenses of its operation."   Another section of the act (4) provides that "every such board shall annually elect from its members a president and secretary who shall constitute the Executive Committee of said board," and Section 8 constitutes the board a corporation.

It will be seen that respondents do not call in question the duty of the County Commissioners to have the tax assessed and levied when proper request is made by the Board of Health; and in argument for respondents it is admitted that the law is compulsory on the Commissioners upon such request.   We think this view is correct, but this admission of counsel renders it unnecessary to set forth the grounds of our conclusion.

A motion in the nature of a demurrer is made by the relators to strike out the return because it is "evasive, argumentative, uncertain and insufficient;" and for a peremptory writ.   The return, not containing any denial, in effect admits the allegations of the writ as to the action of the Board of Health in determining what amount of tax should be assessed and levied for the use of the board, and that it should be one mill on the dollar.   It says it is not true that the

board requested respondents to have the tax assessed and levied, as the writ alleges, but admits the receipt of the communication of the president of the board set out above, and denies that this was the action of the board, or that it purported to be by the direction or authority of the board. That the County Commissioners could not act to have the tax assessed and levied until requested by the Board of Health is evident from the terms of the act. How that request should be made is not designated, and it would seem that no very formal or technical mode is required. The return implies that it should be made by the board in the names of its members, or in the name of the board by its prescribed corporate title. We cannot understand the objection to the request signed by the president of the board in any other sense. It is not denied that he is president, and that as such he has authority to make communications of the action of the board, nor denied that in making the communication he did, he was acting by express authority of the board. This is a clear evasion of the allegation of the writ that the request for the assessment and levy was made by the board. It is not unanalogous on this point to the case of the State ex rel. vs. Mayor and Aldermen of Jacksonville, 22 Fla., 21, in which the strictness of the rule as to the return to a writ of mandamus is held to require definite and certain statements sufficient to meet the allegations of the writ.

But there is denial that the communication was the action of the board, or that it purported to be by the direction or authority of the board, when in fact it does purport in its very language to be the " Osceola County Board of Health" requesting the assessment and levy of the tax, and it is signed by the president of the board as such, thereby purporting authority of the board. His authority in that capacity naturally makes him the organ of the board. He

is its agent for that purpose, and his action therein is its action. Of course, he could not of his own motion make the request, but when the board has taken action, as is alleged and not denied, upon which the request is to be founded, it is to be presumed that in making the request in the name of the board he is performing a function pertaining to his office which is duly authorized, and which is shown by this proceeding to be the recognized method of the board for such communication. In this respect, and on the whole, the return is insufficient.

Holding that the return is evasive and insufficient, and counsel for respondents having announced that the return presents their full defense, it results that the relators are entitled to a peremptory writ, and accordingly it will be ordered.