THE STATE OF FLORIDA EX REL. GEORGE A. PATTON, PLAINTIFF, VS. W. D. BLOXHAM, COMPTROLLER, DEFENDANT.—MANDAMUS.

1. A return to an alternative writ of mandamus should state the facts relied on in confession and avoidance with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass judgment upon the sufficiency of the return.

2. By the second section of Chapter 1977, laws of 1874, collectors of revenue were required, after receiving the annual tax list of books, to make, on the 16th and last days of the months of November, December and January, and on the last days of all other months, returns under oath to the Comptroller and county judge, and at the same time pay over to the proper officers all sums collected on account of state and county taxes and for licenses and other purposes. The fifth section of this act provided that for any failure on the part of any collector to make reports or pay over any money as required by the act, he shall forfeit for every week's delay one-fifth of his commissions, and if the delay extends beyond thirty days he shall forfeit all commissions on amounts to which the forfeiture applies, as well as on all future amounts collected. To an alternative writ of mandamus seeking to compel the Comptroller to audit and issue a warrant on a claim for commissions alleged to be due a collector of revenue on sums of money collected for taxes, it is not sufficient under said act to simply allege that relator failed and refused persistently to make reports to the Comptroller and pay over to the Treasurer as required by law the moneys collected by him as such collector, and by so doing he forfeited all commissions claimed by him. The forfeiture attaches under the statute to a *failure*

JANUARY TERM, 1894.    483

State of Florida ex rel. v. Bloxham; Comptroller.—Statement of Case.

to make reports and pay over moneys collected for *every week's and thirty days' delay*, and not for a failure to report and pay over on the days specified in the statute.

3. The statutory conditions upon which a forfeiture is made to depend should be alleged, as without them the court can not assume that there was a forfeiture.

4. The neglect and failure on the part of a collector of revenue to collect taxes on the tax-list or books that are due and collectable may amount to a failure to perform an official duty, but such neglect or failure was not made by statute a forfeiture of commissions on amounts of taxes collected.

5. No question involving the official discretion of the Comptroller as to auditing claims for commissions on tax collections is considered in this case, as all matters involving such question have been expressly waived and withdrawn from the determination of the court.

STATEMENT.

This is an original proceeding by mandamus instituted in 1890 against Comptroller Barnes, and by agreement the proceedings have been continued against his successor, W. D. Bloxham, who has approved the official acts brought in question in the suit of his predecessor and adopted the answer filed by him in the cause.

The alternative writ alleges, substituting the name of W. D. Bloxham for W. D. Barnes, that the relator Patton was duly appointed and commissioned on the 14th day of July, 1887, as collector of revenue for the county of Franklin, and held said office from the date of his appointment until he was removed by the Governor of the State on the — day of March, 1888; that as such collector he received from the assessor of said Franklin county at the times fixed by law, the assessment rolls of said county for the years 1886 and 1887 respectively, with the warrant of said assessor in due form of law thereto attached, and collected sixteen

484 SUPREME COURT.

State of Florida ex rel. v. Bloxham, Comptroller.—Statement of Case.

hundred and twenty-four dollars of the taxes assessed for the State of Florida on said assessment roll for the year 1886, and twelve hundred and ninety-two dollars of taxes assessed for the State on said roll for the year 1887, and besides he collected fifteen hundred and fifty-eight and 52-100 dollars for state license taxes for the year 1886, and three hundred and ninety-four and 66-100 dollars for such taxes for the year 1887; that he paid the said several sums of money to the proper officer of the State of Florida at the times and in the manner required by law, and has fully paid and accounted for the same.

Further that he is entitled to a commission of $131.20 on the said state taxes collected for the year 1886, and a commission of $114.60 on said taxes collected for the year 1887, and a commission of $74.75 on the said license taxes collected, making in the aggregate $320.55 as compensation for his services as such collector of revenue; that the Comptroller is required by law to audit and allow to relator said commissions for collecting said taxes and to draw a warrant therefor in his favor on the Treasurer of the State of Florida; that W. D. Bloxham is Comptroller of the State of Florida, and relator has applied to him as such Comptroller and requested him to audit and allow said commissions to relator for collecting said taxes, and to draw a warrant therefor in his favor on the Treasurer of the State as required by law, but he, as Comptroller, has refused, and still refuses to do so, and by reason of such refusal relator is deprived of his said compensation which is justly due him, and is remediless in the premises unless it is afforded him by a writ of mandamus.

The return admits that relator was collector of revenue for Franklin county, and that as such collector, he collected the said several sums of money as alleged in the alternative writ. The return denies, however, that relator paid over the the said sums of money collected by him to the proper officer of the State of Florida at the times and in the manner required by law, and it is alleged that he failed and refused persistently to make reports to respondent as Comptroller, and to pay over to the Treasurer, as required by law, the moneys collected by him as said collector, though he was repeatedly requested and urged so to do; that there was then due by relator to the State and unaccounted for, as appears from the books of the Comptroller's office, the sum of two hundred and seventy-one and 37-100 dollars of the taxes of 1886, and the sum of eleven hundred and sixty-two and 61-100 dollars of the taxes of 1887; that relator failed to make returns as required by law to respondent as Comptroller of all sums collected on account of state taxes for the years 1886 and 1887, and that he failed to make report and pay over moneys collected by him as required by law, and that by so doing he forfeited all commissions now claimed by him.

The return further denies that there is due to the relator by the State the sum of $325.55, as compensation for his services as collector of revenue, or that there is due to him any sum whatever for his said services, and it is alleged that full commissions have been paid to relator on all moneys collected by him except on the sum of two thousand six hundred and two and 77-100 dollars and that the commissions on this sum amount to ninety-two and 73-100 dollars. It is further alleged that the failure and delay of relator to make report of taxes collected by him extended from February, 1887,

to March, 1888, the termination of his office, a period of more than one year; that is, he failed to make returns of taxes collected by him on the last days of the months of March, April, May, June, July, August, September, October, November and December, 1887, and on the last days of January and February, 1888, which are the days required by law on which returns are to be made, and that this delay applied to a larger sum of taxes collected for the State than the amount stated upon which commissions have not been paid, and that respondent under the power given him in Section 5, Chapter 1977, laws of Florida, withheld the commissions on the same amounting to the said sum of ninety-two and 73-100 dollars.

Motion was made by relator to quash the return and for a peremptory writ of mandamus.

A written stipulation has been filed on the part of the Comptroller waiving all questions in the case regarding his official discretion and withdrawing them from the consideration of the court.

*John W. Malone* for Relator.

*William B. Lamar, Attorney-General,* for Respondent.

MABRY, J. :

The return in the case before us admits that the relator was collector of revenue for Franklin county during the time alleged in the alternative writ, and as such collected sixteen hundred and twenty-four dollars taxes assessed for the State for the year 1886, the sum of twelve hundred and ninety-two dollars taxes assessed for the State for the year 1887, fifteen hundred and fifty-eight dollars and fifty-two cents state license tax

for 1886, and the sum of three hundred and ninety-four dollars and sixty-six cents state license tax for the year 1887. It is denied, however, that relator paid over the said moneys collected by him to the proper officer at the times and in the manner required by law, and it is alleged that he failed and refused presistently to make reports to defendant, as Comptroller, and to pay over to the Treasurer as required by law, the moneys collected by him as such collector, and by so doing he forfeited all commissions claimed by him. The return does not allege, nor was it the purpose of defendant, so far as we can see, to allege that relator did not in fact pay over to the proper officers the moneys alleged to have been collected, but the allegation is that he did not pay at the times and in the manner required by law. It is also denied that there is due the relator by the State the sum of three hundred and twenty-five dollars and fifty-five cents, or any sum whatever, for his services as collector of revenue, but this denial is coupled with the statement that full commissions had been paid to him on all moneys collected by him, except the sum of two thousand six hundred and two dollars and seventy-seven cents, and that the commissions on this sum amounted to ninety-two dollars and seventy-three cents. How the commissions on the sum mentioned are fixed at $92.73 is not alleged.

The theory of the return is that relator forfeited the commissions to which he was entitled under the statute on that part of the collections made by him on which commissions had not been paid, by reason of his failure to make reports to defendant as Comptroller, and pay over the amounts collected to the Treasurer, at the times and in the manner required by law. By the second section of Chapter 1977, laws of 1874, it is en-

488                    SUPREME COURT.

State of Florida ex rel. v. Bloxham, Comptroller.—Opinion of Court.

acted that "every collector of revenue, after receiving the annual tax-list or books, shall make, on the sixteenth and last days of the months of November, December and January, and on the last days of all other months, a return under oath to the Comptroller and county judge, of all sums collected on account of the state and county taxes, and for licenses and other purposes. In this return he shall state the names of the person or persons paying the tax, license, or other sum, the amount thereof, as well as the character of the funds in which paid, whether in scrip or cash, and if in scrip, the number and amount thereof, and to whom issued, by the State or county, as the case may be, and at the same time he shall pay all moneys in his hands to the proper officers, as provided by law." The fifth section of this act provides "that for any failure on the part of any collector of revenue to make reports or pay over any money as required by this act and the act of which it is an amendment, he shall forfeit for every week's delay one-fifth of his commissions, and if the delay extends beyond thirty days he shall forfeit all commissions upon all amounts to which such failure applies, and all future commissions upon collections to be made; provided, that the Comptroller for good cause shown to him may suspend the force and operation of this section with regard to such defaulting collector of revenue."

Does the return allege such a state of facts as shows a forfeiture of commissions under the statute? While the stringency of the old rule relating to pleadings in mandamus proceedings has been considerably relaxed, great strictness is still required in returns setting up matter in confession and avoidance. The rule, as stated in a decision of this court, is that the return

should state the facts relied on with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass judgment upon the sufficiency of the return. County Commissioners of Polk County vs. Johnson, 21 Fla., 578; State *ex rel.* vs. Mayor and Aldermen of Jacksonville, 22 Fla., 21. The forfeiture declared by the statute is one-fifth of the commissions for every week's delay in failing to make the reports or pay over the moneys collected as required by the act, and if such delay extends beyond thirty days, all of the commissions on amounts to which such failure applies, and all commissions on future collections, are declared forfeited. The reports, or returns, are required to be made, and the collections paid over to the officers named in the act on the sixteenth and last days of the months of November, December and January, and on the last days of all other months. The allegations in the first paragraphs of the return, standing alone, to the effect that relator failed and refused persistently to make reports to defendant, as Comptroller, and to pay over to the Treasurer, as required by law, the moneys collected by him, and that he failed to make returns as required by law of all sums collected on account of state taxes for the years 1886 and 1887, and by so doing he forfeited all commissions claimed by him, are clearly insufficient to show any forfeiture of commissions under the statute. It is here simply stated that relator failed and refused to make reports, or returns, and to pay over moneys collected as required by law. The forfeiture attaches, as to one fifth of the commissions, upon every week's delay in making the required reports; or paying over the money collected, up to thirty days' delay, and then to all commissions on amounts collected to which the failure applies, as well as fu-

ture commissions. It may be true that relator failed and refused to make reports, and pay over moneys collected by him as collector, as required by law, and still such failure or delay on his part may not have extended the length of time necessary to work a forfeit-ure of any commissions under the statute. The statutory conditions upon which the forfeiture is made to depend are not alleged in this part of the return, and without them the court can not assume that there was. any forfeiture.

In addition to the allegations referred to, it is alleged in another part of the return that the failure and delay of relator to make report of taxes collected by him extended from February, 1887, to March, 1888,. the termination of his office, but the return explains. this allegation as follows, *viz:* that relator failed to make returns of taxes collected by him on the last days. of the months of March, April, May, June, July, August, September, October, November and December, 1887, and on the last days of January and February,. 1888, and that this delay applied to a larger sum of taxes collected for the State than the amount stated, upon which commissions had not been paid. It is also stated that defendant withheld the commissions on the amount mentioned by virtue of Section 5, Chapter 1977, laws of Florida. How relator could be in default in making reports before August, 1887, is not perceived, as it is admitted that he was not appointed col lector of revenue for Franklin county until the 14th day of July, 1887. All of the allegations in reference to a forfeiture of commissions, on account of a failure to make reports, or to pay over collections, when taken together do not, in our judgment, relieve the return of a fatal uncertainty and insufficiency in the necessary particulars to enable the court to pass judgment upon

the merits as a defense under the statute.  A failure to make return on the last days of the months mentioned did not work a forfeiture unless such failure extended one week, when one-fifth of the commissions became forfeited, and if it extended thirty days all commissions to which the failure applied, as well as future commissions, were forfeited under the statute. It is true that collections made before the sixteenth days of November, December and January are required to be reported on said days, and that a failure to report such collections on the last days of the three months mentioned would be a delay to report for a period of two weeks, but the return does not allege any failure to report on the sixteenth days of said months.  The failure alleged is to make returns on the last days of all the months mentioned.  The most that can be made of the return is that it alleges a failure and delay of relator to make reports, and to pay over taxes collected by him, as required by law, on the last days of the months from February, 1887, to March, 1888, and that such delay applied to a larger sum of taxes collected than the amount collected, upon which commissions had not been paid.  It is not alleged as already stated that relator did not in fact make returns, or pay over taxes collected, or that he did not make such returns, or payments, after the days fixed by law for returns and payments to be made, and before the expiration of the periods prescribed when a forfeiture of commissions is declared.  When returns and payments of taxes collected were made, or the amounts thereof, are not stated, and the forfeiture of commissions is made to depend, according to the allegations of the return, solely upon the failure to make reports and payments of taxes collected at the times required by law.  The confusion and inconsistency of

the return in alleging a failure to report from February to August, 1887, before relator was collector of revenue, as is admitted, are apparent. But independent of this feature, the return is defective in failing to allege the conditions upon which the forfeiture of commissions is made to depend under the statute.

While it is admitted that relator as collector of revenue collected the state taxes alleged in the alternative writ, it is stated that full commissions had been paid to him on all moneys collected by him, except the sum of two thousand six hundred and two dollars and seventy-seven cents, and that the commissions on this sum amounted to ninety-two dollars and seventy-three cents. For state collections on assessments for 1887 relator was entitled to ten per cent. on the first thousand dollars, five per cent. on the next two thousand dollars, two per cent. on the next ten thousand dollars, and one per cent. on the balance. For state collections on 1886 assessments he was entitled to ten per cent. on the first thousand dollars, five per cent. on the next thousand dollars, three per cent. on the next two thousand dollars, and one per cent. on the balance. The commissions were required to be audited and allowed by the Comptroller and paid by the Treasurer upon warrant therefor. The relator alleges definitely that he as collector of revenue collected specified sums of the state taxes for each of the years 1886 and 1887, and the answer to this is that full commissions had been paid to relator on all moneys collected by him, except on the sum of $2,602.77, and that the commissions on this sum amounted to $92.73. It is denied, it is true, that any commissions were due relator from the State, but such denial can not control in the presence of admitted facts showing commissions to be due. How the commissions on all collections made by rela-

tor, except on the amount mentioned, were paid, is not alleged; nor is it alleged when the said amount upon which commissions had not been paid, was collected. Whether it was on the collections for 1886 or 1887, or whether it was the first thousand dollars collected, the next one or two thousand dollars, or the balance of the collections of any one of the two years mentioned, we do not know. The return is so indefinite as to make it impossible for the court to determine anything certain in reference to the position of defendant as to the the forfeiture of commissions claimed by the relator, and such pleading, as we have seen, is not permissible in a return to an alternative writ of mandamus. The facts should be stated with such precision and certainty that the court may be fully advised of all the particulars necessary to enable the court to pass judgment upon its sufficiency.

While the principal defense attempted to be set up in the return relates to the supposed forfeiture of commissions by reason of relator's failure to make returns as required by law, there is an allegation in one paragraph that at the time of the institution of the suit there was due from the relator to the State and unaccounted for, as appeared from the books of the Comptroller's office, the sum of two hundred and seventy-one dollars and thirty-seven cents of the taxes of 1886, and the sum of eleven hundred and sixty-two dollars and sixty-one cents of the taxes of 1887. It is not here asserted that the sums mentioned were in fact collected by relator, nor is it alleged that he was derelict in duty in not collecting them. They simply appeared upon the Comptroller's books unaccounted for. The 43rd section of Chapter 3681, laws of 1887, provides that "when any collector discovers that any land has been assessed more than once the

same year, he shall collect only the tax justly due thereon, and shall make return of the balance as a double assessment, and shall be credited therefor by the county commissioners and the Comptroller. He shall also report to the county commissioners the errors, double assessments and insolvencies for which he is to be credited under different heads, giving in every case the names of the parties on whose account the credit is to be allowed." The neglect and failure on the part of the collector of revenue to collect taxes that are due and collectable may subject him to a suit on his official bond for a violation of official obligation, but the statute did not make such neglect and failure a forfeiture of commissions on collections made. Such forfeiture attaches under the statute, as we have seen, to a delay, for the periods therein mentioned, to report and pay over collections made. The theory of the defense sought to be made is that relator had forfeited his commissions and that none were due him. In our judgment the return fails to exhibit such a defense under the statute, and fails to present any sufficient defense to the alternative writ.

All questions that may exist in the case in reference to the official discretion of the Comptroller in such matters, have been expressly waived and withdrawn from the consideration of the court, and we have passed upon the legal phases of the return without reference to such questions. Counsel for relator has argued that should it be considered by the court that the return be held sufficient to make a case of forfeiture of commissions under the statute, it is unconstitutional on the ground that it would deprive relator of his property without due process of law. The conclusion forced upon us makes it unnecessary to consider this point.

The judgment of the court is that the motion to quash the return is sustained, and an order will be entered accordingly.