CARL SCHEFFEL, *et ux.*, v. MORTGAGE HOLDING CORP. OF MARYLAND.

162 So. 523.

Division B.

Opinion Filed June 24, 1935.

*Stapp, Gourley, Vining & Ward,* for Appellants;
*Price, Price & Hancock,* for Appellee.

BUFORD, J.—Appeal is from final decree in foreclosure. The real question presented for our determination is "Under 4856 R. G. S., 6943 Compiled General Laws of 1927, is a foreign banking corporation, the owner of a mortgage upon real estate situate in the State of Florida, by assignment, a lender of money to one who purchases the property and thereafter enters into an extension agreement and becomes guarantor for the debt so that such owner can declare a forfeiture for failure of such corporation to give receipts for payments made by check?"

The section above referred to is a statute of forfeiture of a vested right and must, therefore, be strictly construed and applied only in cases coming within its terms. Carolina-Florida Planting Co. v. Maige, 64 Fla. 234, 60 Sou. 346; State v. Bloxham, 33 Fla. 482, 15 Sou. 227.

"Equity abhors a forfeiture and will relieve against it when it can do so without doing violence to the contract between the parties. Hemphill v. Pesat, 98 Fla. 124, 123 So. 561; McCaskill v. Union Naval Stores Co., 59 Fla. 571, 52 So. 961; Rader v. Prather, 100 Fla. 591, 130 So. 15; Durham Tropical Land Corp. v. Sun Garden Sales Co., 106 Fla. 429, 138 So. 21, 143 So. 758."

The pleadings and proof show that the complainant did not loan the money to secure the payment of which the mortgage was given but became the assignee of the mortgage after maturity. The defendants, appellants, were not the borrowers of any money from the complainants. The defendants, appellants, became liable for the payment of the amount due on the mortgage indebtedness by their written

guarantee of the payment thereof for a valuable consideration after maturity after they had become record owners of the title to the property which guarantee was made to a mesne assignee of the mortgagee and assignor of the complainant assignee.

So it is that the statute sought to be invoked is not applicable to the present case.

The decree should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.